**PROSKAUER ROSE LLP**
Joseph Baumgarten, Esq.
Steven Yarusinsky, Esq.
1585 Broadway
New York, New York 10036-8299
(212) 969-3000
Attorneys for Defendant

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
VIRUPAKSHA RAPARTHI,

    Plaintiff,

 against

RABOBANK INTERNATIONAL,

    Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Docket No: 08-civ-3323 (WHP)

Civil Action

ECF CASE

**ANSWER TO**
**FIRST AMENDED COMPLAINT**

Defendant Rabobank International (hereinafter "Defendant") by and through its attorneys, Proskauer Rose LLP, states in answer to the First Amended Complaint ("Amended Complaint") of Plaintiff Virupaksha Raparthi ("Plaintiff") as follows:

## NATURE OF ACTION

1. Defendant denies the allegations contained in paragraph 1 of the Amended Complaint except admits that Plaintiff purports to seek relief for alleged claims of racial and national origin discrimination under Title VII of the Civil Rights Act of 1964, the New York City Human Rights Law, the Administrative Code of the City of New York, and the common law. Defendant further denies that it engaged in any unlawful or wrongful conduct towards Plaintiff.

2.	Defendant denies the allegations contained in paragraph 2 of the Amended Complaint, except admits that Plaintiff purports to seek various forms of relief.  Defendant further denies that it engaged in any unlawful or wrongful conduct towards Plaintiff.

## JURISDICTION AND VENUE

3.	Defendant admits the allegations contained in paragraph 3 of the Amended Complaint.

4.	Defendant denies the allegations contained in paragraph 4 of the Amended Complaint, except admit that Plaintiff purports to invoke the Court's jurisdiction pursuant to the statutory sections cited therein.

5.	Defendant denies the allegations contained in paragraph 5 of the Amended Complaint, except admits that Defendant conducts business within this District and that Plaintiff purports to lay venue in this District pursuant to the statutory sections cited therein.  Defendant further denies that it engaged in any unlawful or wrongful conduct towards Plaintiff.

6.	Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Amended Complaint.

## PARTIES

7.	Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Amended Complaint.

8.	Defendant denies the allegations contained in paragraph 8 of the Amended Complaint, and avers that Rabobank International is a trade name and Cooperateive Centrale Raiffeisen-Boerenleenbank B.A. is a cooperative banking organization organized under the laws of The Netherlands and operates a branch in New York.  Defendant admits that it has an office located at 245 Park Avenue, New York, New York.

**FACTUAL ALLEGATIONS**

9. Defendant admits the allegations contained in paragraph 9 of the Amended Complaint.

10. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 10 of the Amended Complaint.

11. Defendant denies the allegations contained in paragraph 11 of the Amended Complaint and avers that Plaintiff was a Vice-President, Senior Structurer in the Structured Client Solutions Department.

12. Defendant admits the allegations contained in paragraph 12 of the Amended Complaint except avers that Structured Client Solutions was divided into three groups: Interest Rate Options (which transferred from this department in August 2006), Specialized Finance and CDO Structuring.

13. Defendant admits the allegations contained in paragraph 13 of the Amended Complaint except denies knowledge or information sufficient to form a belief as to the birthplace of the these individuals.

14. Defendant denies the allegations contained in paragraph 14 of the Amended Complaint.

15. Defendant denies the allegations contained in paragraph 15 of the Amended Complaint and avers that Plaintiff assisted in the execution of certain trades that were not in his book of business and which have generated income since his termination.

16. Defendant denies the allegations contained in paragraph 16 of the Amended Complaint.

17. Defendant denies the allegations contained in paragraph 17 of the Amended Complaint.

18. Defendant denies the allegations contained in paragraph 18 of the Amended Complaint, except denies knowledge or information sufficient to form a belief as to the frequency in which Plaintiff saw his son and took vacation.

19. Defendant denies the allegations contained in paragraph 19 of the Amended Complaint.

20. Defendant denies the allegations contained in paragraph 20 of the Amended Complaint.

21. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Amended Complaint.

22. Defendant denies the allegations contained in paragraph 22 of the Amended Complaint. Defendant further denies that it engaged in any unlawful or wrongful conduct towards Plaintiff.

23. Defendant denies the allegations contained in paragraph 23 of the Amended Complaint, except admits that Plaintiff and Hays were employed for comparable periods of time, worked in SCS and reported to the respective heads of the SCS' two business groups.

24. Defendant denies the allegations contained in paragraph 24 of the Amended Complaint.

25. Defendant denies the allegations contained in paragraph 25 of the Amended Complaint except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding their comparative financial institution experience and admits that Hays was an Associate.

26. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Amended Complaint.

27.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Amended Complaint.

28.     Defendant denies the allegations contained in paragraph 28 of the Amended Complaint.

29.     Defendant denies the allegations contained in paragraph 29 of the Amended Complaint except admits that Hays was responsible for modeling.

30.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Amended Complaint.

31.     Defendant denies the allegations contained in paragraph 31 of the Amended Complaint.

32.     Defendant denies the allegations contained in paragraph 32 of the Amended Complaint.

33.     Defendant denies the allegations contained in paragraph 33 of the Amended Complaint.

34.     Defendant denies the allegations contained in paragraph 34 of the Amended Complaint.

35.     Defendant denies the allegations contained in paragraph 35 of the Amended Complaint and avers that Plaintiff received a performance incentive award of $60,000 and Hays received a performance incentive award of $70,000.

36.     Defendant denies the allegations contained in paragraph 36 of the Amended Complaint, except admits that Hays received a raise.

37.     Defendant admits the allegations contained in the first sentence of paragraph 37 of the Amended Complaint.  Defendant denies the remaining allegations of paragraph 37 of the

Amended Complaint, except admits that Jacques was paid the amount of $880,000 upon his termination as was required by the terms of his employment contract.

38. Defendant denies the allegations contained in paragraph 38 of the Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding comments made to Plaintiff by other employees.

39. Defendant denies the allegations contained in paragraph 39 of the Amended Complaint.

40. Defendant denies the allegations contained in paragraph 40 of the Amended Complaint.

41. Defendant denies the allegations contained in paragraph 41 of the Amended Complaint.

42. Defendant denies the allegations contained in paragraph 42 of the Amended Complaint and refers to the recording of the Annual Meeting for the contents thereof.

43. Defendant admits the allegations contained in paragraph 43 of the Amended Complaint.

44. Defendant admits the allegations contained in paragraph 44 of the Amended Complaint.

45. Defendant denies the allegations contained in paragraph 45 of the Amended Complaint.

46. Defendant denies the allegations contained in paragraph 46 of the Amended Complaint, except admits that Plaintiff was terminated and Hays was not terminated.

47. Defendant denies the allegations contained in paragraph 47 of the Amended Complaint.

48. Defendant denies the allegations contained in paragraph 48 of the Amended Complaint.

49. Defendant denies the allegations contained in paragraph 49 of the Amended Complaint.

### FIRST CAUSE OF ACTION: VIOLATION OF TITLE VII

50. Defendant repeats and realleges each of its answers to paragraphs 1 through 49 of the Amended Complaint as if fully set forth herein.

51. Defendant denies the allegations contained in paragraph 51 of the Amended Complaint.

52. Defendant denies the allegations contained in paragraph 52 of the Amended Complaint.

53. Defendant denies the allegations contained in paragraph 53 of the Amended Complaint.

### SECOND CAUSE OF ACTION: SECTION 1981

54. Defendant repeats and realleges each of its answers to paragraphs 1 through 53 of the Amended Complaint as if fully set forth herein.

55. Defendant denies the allegations contained in paragraph 55 of the Amended Complaint.

56. Defendant denies the allegations contained in paragraph 56 of the Amended Complaint.

57. Defendant denies the allegations contained in paragraph 57 of the Amended Complaint.

### THIRD CAUSE OF ACTION: HUMAN RIGHTS LAW

58. Defendant repeats and realleges each of its answers to paragraphs 1 through 57 of

the Amended Complaint as if fully set forth herein.

59. Defendant denies the allegations contained in paragraph 59 of the Amended Complaint.

60. Defendant denies the allegations contained in paragraph 60 of the Amended Complaint.

## FOURTH CAUSE OF ACTION: ADMINISTRATIVE CODE

61. Defendant repeats and realleges each of its answers to paragraphs 1 through 60 of the Amended Complaint as if fully set forth herein.

62. Defendant denies the allegations contained in paragraph 62 of the Amended Complaint.

63. Defendant denies the allegations contained in paragraph 63 of the Amended Complaint.

64. Defendant denies the allegations contained in paragraph 64 of the Amended Complaint.

## FIFTH CAUSE OF ACTION: PROMISSORY ESTOPPEL

65. Defendant repeats and realleges each of its answers to paragraphs 1 through 64 of the Amended Complaint as if fully set forth herein.

66. Defendant denies the allegations contained in paragraph 66 of the Amended Complaint.

Defendant denies the relief sought in the PRAYER FOR RELIEF paragraph of the Amended Complaint.

## AFFIRMATIVE DEFENSES
### FIRST AFFIRMATIVE DEFENSE

1. Defendant's actions and decisions with respect to plaintiff were taken for legitimate, non-discriminatory reasons.

### SECOND AFFIRMATIVE DEFENSE

2. To the extent that Defendant's actions were motivated, in part, by unlawful reasons, which Defendant expressly denies, Defendant would have taken the same actions with respect to plaintiff for legitimate, non-discriminatory reasons.

### THIRD AFFIRMATIVE DEFENSE

3. The Complaint fails to state a claim upon which an award of punitive damages can be granted.

### FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff is not entitled to recover punitive damages because, at all relevant times, Defendant engaged in good faith efforts to comply with all laws prohibiting discrimination in employment.

### FIFTH AFFIRMATIVE DEFENSE

5. Plaintiff's claims are barred, in whole or in part, because Defendant exercised reasonable care to prevent and correct promptly any alleged discriminatory behavior, and Plaintiff unreasonably failed to take advantage of the preventative or corrective opportunities provided by Defendant or to avoid harm otherwise.

### SIXTH AFFIRMATIVE DEFENSE

6. To the extent that plaintiff's claims are based upon alleged conduct that occurred more than three years before he first filed his lawsuit with the Court in this action, such claims

are time-barred.

**WHEREFORE**, Defendant demands judgment against plaintiff dismissing the Complaint in its entirety, together with an award of reasonable attorneys' fees, the costs and disbursements of this action, and such other and further relief as this Court deems just, proper and equitable.

Dated:   June 12, 2008

                PROSKAUER ROSE LLP

                By:   s/ Steven Yarusinsky
                      Joseph Baumgarten, Esq.
                      Steven Yarusinsky, Esq.

                1585 Broadway
                New York, New York 10036-8299
                (212) 969-3000
                Attorneys for Defendant